IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Paula A. Crawford, | ) | |
|     An individual, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-CV-579-JHP |
| | ) | |
| (1) Board of County Commissioners | ) | |
|     of Carter County, | ) | |
|     an Oklahoma subdivision; | ) | |
| (2) Carter County Sheriff Department, | ) | |
|     An Oklahoma subdivision; | ) | |
| (3) Sheriff Chris Bryant, Carter County | ) | |
|     in his official capacity; | ) | |
| | ) | |
|     Defendants | ) | |

## <u>COMPLAINT</u>

Comes Now, Plaintiff, Paula Ann Crawford, by and through counsel and for her causes of action states as follows:

1. At all material times, Plaintiff, Paula Ann Crawford has been a resident of the State of Oklahoma, in Carter County, within the venue and jurisdiction of this Court.

2. At all material times, Carter County, State of Oklahoma has been an Oklahoma subdivision duly organized under the laws of the State of Oklahoma. Pursuant to the Oklahoma Constitution, Art. 27, § 1, Carter County is a "body politic and corporate." Pursuant to 19 O.S. § 1, Carter

County must be  sued in the name of the Board of County Commissioners of Carter County, pursuant to 19 OS § 4.

3.  At all material times, the Carter County Sheriff Department was duly organized and authorized as a lawful office under Oklahoma Constitution, Art. 27, § 2. The Carter County Sheriff is a duly elected position pursuant to 19 O.S. § 131. The Carter County Sheriff  acts on behalf of Carter County to keep and preserve all laws within the county.  The Oklahoma County Budget Act defines the Sheriff as a County officer 19 O.S. § 1404(8). The Sherriff's acts as a constituent department of the County 19 O.S. § 1404 (7). The Oklahoma Governmental Tort Claims Act (GTCA) likewise recognizes County officers and their staffs as County employees. 51 O.S. § 152. The Carter County Sheriff is an agent of Carter County.

4.  Chris Bryant is the current duly elected Sheriff of Carter County.

5.  Paula Ann Crawford was employed as a 911 Communications Supervisor with the Carter County Sheriff Department for some 16 years.

6.  On or about July 15, 2015, Plaintiff was terminated by Defendants through the then duly elected Sheriff, Milton Anthony.  The proffered explanation for her termination was not properly responding to a 911 call of a lady indicating her keys were locked in her car. Defendants falsely claimed that

the caller identified that a child was locked in a car. However, the caller never mentioned or referenced a child being in the car.

7.  Defendants are also, on information and belief, a joint or single employer of Plaintiff with common interrelations of operations, common management, common labor relations, common financial control and common financial transactions between them.

8.  Plaintiff is a white female. At the time of termination she was 64 years old.

9.  Prior to her termination Plaintiff had an exemplary work record. She was always considered to meet or exceed performance expectations. Plaintiff did not have any written reprimands, counselings, suspensions, or other discipline in her personnel file, prior to termination.

10. Other male employees, and employees younger than Plaintiff, and younger than age 40, were not disciplined, or not terminated, for the same, similar, or more egregious conduct than that alleged against Plaintiff.

11. Plaintiff timely made a charge of age and gender discrimination to the EEOC on May 9, 2016. On September 12, 2016, Plaintiff completed the EEOC form 5 Charge No. 564-2016-01016. On September 30, 2016 the EEOC mailed its notice of right to sue in such charge. Plaintiff timely files this action within 90 days of her receipt of such notice of right to sue.

**Count 1: Age Discrimination**

12. All other paragraphs are incorporated herein.

13. Defendants Board of County Commissioners of Carter County, Carter County Sheriff Department, Sheriff Chris Bryant in his official capacity each qualify as an employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 630(b). In the alternative, Carter County Sheriff Department and Sheriff Chris Bryant in his official capacity were at all times material hereto and as described herein, acting as agents of Carter County.

14. Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 630(f).

15. At the time of termination, Plaintiff was over the age of 40, as required by 29 U.S.C. § 631.

16. 29 U.S.C. § 623(a) prohibits an employer from discharging or otherwise discriminating against any employee because of their age.

17. At the time of termination, Plaintiff was performing acceptable work and was qualified for her position.

18. Plaintiff suffered an adverse employment action as a result of her termination on July 15, 2015.

19. Plaintiff was terminated because of her age.

20. The proffered reason given by Defendants is false and pretextual. Similarly situated males and young employees were treated differently and better than Plaintiff.

21. Plaintiff's termination by Defendants, individually and in concert, violates the ADEA, 29 U.S.C § 621 et. seq.

## Count 2: Gender Discrimination

22. All other paragraphs are incorporated herein.

23. Defendants Board of County Commissioners of Carter County, Carter County Sheriff Department, Sheriff Chris Bryant in his official capacity each qualify as an employer for purposes of gender discrimination claims under Title VII, 42 U.S.C. § 2000e, et. seq., In the alternative, Carter County Sheriff Department and Sheriff Chris Bryant in his officialcapacity, were at all times material hereto and as described herein, acting as agents of Carter County.

24. Plaintiff is female.

25. Plaintiff's termination is an adverse action within the meaning of Title VII, 42 U.S.C. § 2000e, et. seq.

26. The proffered reason given by Defendants is false and pretextual. Similarly situated males and young employees were treated differently and better than Plaintiff.

27. Plaintiff's termination by Defendants, individually and in concert, was because of her gender in violation of Title VII, 42 U.S.C. § 2000e, et. seq.

## Count 3: OADA Discrimination

28. All other paragraphs are incorporated herein.

29. Defendants Board of County Commissioners of Carter County, Carter County Sheriff Department, Sheriff Chris Bryant in his official capacity each qualify as an employer for purposes of age and gender discrimination claims under 25 O.S. § 1301(1). Defendants are an employer within the meaning of the Oklahoma Anti-Discrimination Act,).

30. Plaintiff is an individual within the meaning of the Oklahoma Anti-Discrimination Act, 25 O.S. § 1302(1).

31. Plaintiff is over the age of 40, and female, within the protection of the Oklahoma Anti-Discrimination Act, 25 O.S. § 1301.

32. The Oklahoma Anti-Discrimination Act prohibits employers from discharging or otherwise discriminating against individuals over the age of 40 based on their age, and because of their gender.

33. At the time of termination, Plaintiff was over the age of 40 and female.

34. At the time of termination, Plaintiff was performing acceptable work and was qualified for her position.

35. Plaintiff suffered an adverse employment action as a result of her termination on July 15, 2015.

36. Plaintiff was terminated because of her age, and gender, and her age and gender were significant or determining factors in her termination.

37. Plaintiff's termination violates the Oklahoma Anti-Discrimination Act.

## Count 4: Defamation

38. All other paragraphs are incorporated herein.

39.   All prior paragraphs are incorporated herein.

40.   The defendants intentionally, or negligently, published, and caused Plaintiff to publish, to third parties untrue information, and information which implies untrue information, about Plaintiff. Such includes that she purposefully, knowingly, and intentionally ignored a 911 call from a citizen that a child was locked in the car on a hot July day in Oklahoma.

41.   The actions of Defendants were done within the scope of their employment. Defendants actions in defaming Plaintiff were 'fairly and naturally incident to County and Sheriff Department business and were done, although mistakenly or ill advised, with a view to further the such interest, or from some impulse of emotion which naturally grew out of or was incident to the attempt to perform their business.' Actions of Defendants employees arose from an emotional response to actions being taken for the employer.

42.   Defendants caused Plaintiff to publish to third parties, including potential employers, false information, as described above. Defendants' action reasonably foreseeably caused Plaintiff to re-publish false information when Defendant knew or should have known that Plaintiff had no reasonable means of avoiding republishing false information related to her termination.

43.   Defendants actions were false and were made with reckless disregard for the truth of such statements including being done while entertaining serious doubts as to the truth of their statements. Defendant statements directly impact and related to Plaintiff's employment and ability to secure employment.

## Count 5:      **Oklahoma Public Policy Wrongful Termination**

44.   Plaintiff's termination violates the well-defined public policy of the state of Oklahoma. As articulated in the Oklahoma Anti-Discrimination Act, 25 O.S. § 1101& 1901, and decisional law interpreting such, provides that age discrimination and handicap discrimination is against the well-defined and dominate public policy of the state of Oklahoma. Such public policy is particularly reflected in 25 O.S. § 1101, 1302 & 1901; *Shirazi v. Childtime Learning Center, Inc.*,

2009 OK 13; *Kruchowski v. The Weyerhaeuser Company*, 2008 OK 105; *Saint v. Data Exch., Inc.*, 2006 OK 59,  and *Tate v. Browning-Ferris Inc.,* 1992 OK 72 (Okla. 1992).

45. Plaintiff's termination based on age discrimination and disability discrimination violates Oklahoma public policy.

46.  Oklahoma Anti-discrimination statutory remedies are not sufficient to adequately protect the Oklahoma public policy against age or gender discrimination.

## Count 6: Due Process Denial

47. All other paragraphs are incorporated herein.

48.    The 14th Amendment of the U.S Constitution provides, in part, that no person shall be deprived of property or liberty without due process of law.

49. 42 U.S.C. § 1983 provides "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

50. Sheriff Milton Anthony, at the time of Plaintiff's termination, was a policy maker for the Carter County Sheriff Department, and Carter County with respect to the employment and discipline of Sheriff Department personnel, such as Plaintiff.

51. Defendants are a person   within the meaning of 42 U.S.C. § 1983.

52. Plaintiff had a liberty interest in her continued employment. The reasons proffered by, and published by, Defendants for Plaintiff's termination stigmatized and directly and adversely impacted her liberty interests. She was labeled a pariah of ignoring a mother's call of having her child locked in a car on a very hot July day in the deadly Oklahoma summer. Such impacted Plaintiff was branded and stigmatized by such false accusation.

8

53. Acting under color of law, Defendants violated Plaintiff's due process rights under the 14th Amendment by disciplining and terminating her: (1)without any pre-termination hearing;(2) the failure to conduct a full, fair, and honest investigation; (3) failing to provide Plaintiff any opportunity to explain her side of the story; (4) failure to provide Plaintiff with any notice of allegations against her; (5) failing to have a neutral unbiased decision-maker; (6) denying Plaintiff the right to confront her accusers; (7) failing to provide any witness or exhibit notification to Plaintiff; (8) failing to provide any post-termination hearing process to provide Plaintiff the opportunity to defend herself, confront accusers, submit evidence, cross-examine witness, and have a neutral decision maker.

**Damages**

54. The acts and conduct of Defendants, described above, were malicious, spiteful, and in willful and reckless disregard for the legal rights of another.

55. The acts and conduct of Defendants, described above, are the proximate cause of compensatory damage to Plaintiff, including loss of earnings and benefits, out of pocket costs otherwise covered by insurance, loss of earning capacity, emotional distress, pain of mind and body, all in an amount in excess of $75,000.00, excluding costs, fees, and interest.

Wherefore, Plaintiff prays that judgment be rendered in her favor and against Defendants, individually and jointly, in an amount in excess of $75,000.00, and as permitted under, together with back-pay, interest, costs, expenses, attorney fees, reinstatement or front pay as appropriate, liquidated damages equal to all lost salary, wages, employment benefits, and injunctive relief barring further discrimination against Plaintiff upon her reinstatement, and other compensation denied as a result of termination, and any and all other legal or equitable relief to which she is entitled.

Jury Trial Demanded

Attorney Lien Claimed

Respectfully Submitted,

9

s/Loren Gibson
Loren Gibson, OBA 14348
Gibson & Associates, P.L.C.
105 N. Hudson, Suite 312
Oklahoma City, OK 73102
405/270-0900
405/270-0903 (fax)
Counsel for Plaintiff